**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

BRIAN K. BIGGS                                                                                                PLAINTIFF
ADC #95620

V.                                         NO: 4:09CV00262 JMM/HDY

BRUCE PENNINGTON *et al.*                                                                          DEFENDANTS

## ORDER

Plaintiff, currently held at the Saline County Detention Facility, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* (docket entry #1), on April 6, 2009.

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff's application for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that

Plaintiff has had at least one prior case dismissed for failure to state a claim upon which relief may be granted,[1] and two cases dismissed as frivolous.[2]

The Court recognizes that the dismissals occurred prior to PLRA's enactment in 1996; however, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g). The merits of an inmate's underlying action are not changed by § 1915(g); only an inmate's ability to file the action *in forma pauperis* is affected. Furthermore, to interpret the statute as only applying to actions commenced after the effective date of the PLRA would give every prisoner, regardless of the number of prior frivolous suits, three more opportunities to pursue frivolous actions without paying any filing fees. The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim *in forma pauperis*. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes).

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff has alleged that the detention facility is too cold, and he is not allowed into his cell, but must remain in the day room area without access to his blanket. Plaintiff says this leads to aches and pains. Plaintiff also asserts that the grievance system is ineffective. Such claims do not describe imminent danger

---

[1] *See Biggs v. Collins et al.*, ED/AR No. 5:94CV321 (filed June 8, 1994).

[2] *See Biggs v. Pitts et al.*, ED/AR No. 5:94CV320 (filed June 8, 1994); *Biggs v. Collins et al.*, ED/AR No. 5:94CV334 (filed June 13, 1994).

of serious physical injury.

       IT IS THEREFORE ORDERED THAT:

       1.      Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

       2.      The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

       3.      All pending motions are DENIED AS MOOT.

       DATED this   21   day of April, 2009.

                                                                    UNITED STATES DISTRICT JUDGE